02-11-438-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00438-CR

 

 


 
 
 Devin
 Marquette Lynch
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 371st District
 Court
  
 of
 Tarrant County (0785798D)
  
 February
 28, 2013
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00438-CR

 

 


 
 
 DEVIN MARQUETTE LYNCH
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371ST
District Court OF TARRANT COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Devin Marquette Lynch appeals from the trial court’s revocation of his
community supervision for felony driving while intoxicated (DWI).[2]  In his sole
issue, he contends that the trial court abused its discretion by imposing a
sentence, seven years’ confinement, that was grossly disproportionate to his
community supervision violations.  Because Appellant pled true to two
violations, his sentence was within the legislatively created range of confinement,
two to ten years,[3] for his offense, and
there is no evidence that the sentence is grossly disproportionate to the
offense, we hold that the trial court did not abuse its discretion by
sentencing Appellant to seven years’ confinement.  We affirm the trial court’s
judgment.

On
November 28, 2001, Appellant pled guilty to the third-degree felony offense of DWI.
 He was convicted and sentenced to ten years’ confinement and ordered to pay a
fine of $1,250.  Imposition of the confinement portion of his sentence was
suspended, he was placed on community supervision for ten years, and, as a
condition of his community supervision, he was confined in the Tarrant County
Jail for a period of 120 days, which was to be served through labor detail.  Almost
ten years later, on August 5, 2011, the State filed a petition to revoke Appellant’s
community supervision, alleging that he had operated a motor vehicle without
having a valid Texas driver’s license and that he had driven a vehicle without
an end ignition interlock device on or about July 19, 2011.  Appellant pled
true to the allegations contained in the State’s petition, and after a hearing
on punishment, the trial court sentenced him to seven years’ confinement and
gave him credit for the time he had served previously.  Appellant filed a
motion for new trial raising the issue of disproportionality of the sentence in
relation to the violations (as opposed to the offense for which he was sentenced),[4]
and the trial court denied Appellant’s motion for new trial in a written order.

We
review an order revoking community supervision under an abuse of discretion
standard.[5] 
In a revocation proceeding, the State must prove by a preponderance of the
evidence that the defendant violated the terms and conditions of community
supervision.[6] 
The trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony, and we review the evidence in the light
most favorable to the trial court’s ruling.[7] 
If the State fails to meet its burden of proof, the trial court abuses its
discretion in revoking the community supervision.[8]

Proof
by a preponderance of the evidence of any one of the alleged violations
of the conditions of community supervision is sufficient to support a
revocation order.[9] 
A plea of true, standing alone, is sufficient to support the revocation of
community supervision.[10]

In
his motion for new trial, Appellant concedes that the trial court acted within
its discretion in sentencing him and further appears to concede that any
sentence within the statutory range of punishment lies within the trial court’s
discretion.  Specifically, he states,

The Court could have
exercised its discretion and imposed a sentence that was more consistent with
the fair and equal administration of justice.  Society gains no benefit in
incarcerating a Defendant that has been sober for many years because he drove a
vehicle that did not have an installed guardian interlock device.

Appellant
offered no evidence of disproportionality, either at the hearing on the State’s
motion to revoke or in his motion for new trial.  He does not complain that he
was denied the opportunity to offer such evidence when the trial court
overruled his motion without a hearing.  His argument appears to be that it is
simply unfair to sentence a person to seven years’ incarceration when he has
stopped drinking and when he has come within months of completing a ten-year term
of community supervision.

Because
Appellant pled true to the State’s allegations, the sentence was within the
statutory range of punishment, and Appellant has offered no evidence of
disproportionality, we hold that the trial court did not abuse its discretion by
imposing the seven-year sentence on Appellant.  We overrule his sole point and
affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

 

PANEL: 
DAUPHINOT,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 28,
2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 49.09(b)(2) (West Supp. 2012).





[3]See id. § 12.34(a)
(West 2011).





[4]See McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir.) (explaining that a grossly disproportionate
sentence relative to the convicted offense violates the Eighth Amendment), cert.
denied, 506 U.S. 849 (1992).





[5]Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984).





[6]Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).





[7]Cardona, 665 S.W.2d
at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel
Op.] 1981).





[8]Cardona, 665 S.W.2d
at 493–94.





[9]Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State,
603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).





[10]Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).